# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHRISTINE M. KAHLE,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

2:05-cv-0682-LDG-LRL

**ORDER**

    Plaintiff Christine M. Kahle was involved in an automobile accident on Nellis Air Force base on February 11, 2003. As required by the Federal Tort Claims Act, on October 28, 2003, Kahle submitted an administrative tort claim to the United States Department of the Air Force seeking $40,000 compensation based upon alleged personal injury and property damage. The agency denied Kahle's claim and Kahle filed this action. In August 2004, some 18 months after the accident, Kahle complained of urinary incontinence[1] and back pain, and on October 15, 2004, Kahle underwent discectomy spinal surgery. After Kahle stated her intention to seek recovery of an amount greater than she demanded in her administrative claim, the United States filed its motion to limit recovery under 28 U.S.C. § 2675(b) (#27, opposition #28, reply #29).

    Statutes involving "the Government's consent to be sued must be construed strictly in favor of the sovereign and not enlarged . . . beyond what the language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992). Section 2875(b) provides:

> Actions under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim

---

[1] According to her medical records, Kaplan reported a single incident of incontinence.

to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b).

The "newly discovered evidence" and the "intervening facts" exceptions are recognized by the courts as distinct concepts. The phrase "newly discovered evidence" denotes evidence that existed at the time the administrative claim was filed but was not discoverable at that time. The term "intervening facts" refers to circumstances occurring after the filing of the claim. See Lowry v. United States, 958 F. Supp. 704, 710 (D. Mass. 1997) (analysis of case law interpreting section 2675(b) in all circuits). A plaintiff bears the burden of showing that he or she falls within one of these two exceptions. See Spivey v. United States, 912 F.2d 80, 85 (4th Cir. 1990).

Initially, however, the court addresses the United States' argument that Kahle has made no showing that her alleged pain and incontinence were caused or exacerbated by the 2003 accident.[2] The medical records that Kahle has filed in support of her opposition to the United States' motion do not link her complaints of pain or incontinence to the accident. Rather, the records of Kahle's treating physician, Dr. Carol Caplowe, identify only a prior 12-year old surgery as a remarkable part of Kahle's medical history. Likewise, the reports of the surgeon who performed Kahle's back surgery in 2004, Dr. Stuart Kaplan, indicate as Kahle's history her herniated disk and treatment 12-years before, and state that she "presented with recurrent symptoms." Nor has Kahle submitted medical testimony or affidavits in any way tying her back condition to the 2003 accident. Finally, as the United States points out, the surgery and treatment for which Kahle now seeks to recover occurred well after this lawsuit was filed, and at no time before the United States' motion did Kahle notice the United States or attempt to amend her lawsuit to include the conditions for which she now seeks recovery. See Low v. United States, 795 F.2d 466, 471 (5th Cir. 1986) (a function of

---

[2] An analysis of the "newly discovered evidence" or "intervening facts" exceptions to § 2675(b) necessarily presume such causal link.

2

§f2675(b) is to ensure that federal agencies charged with making an initial attempt to settle tort claims against the United States are given full notice of the government's potential liability).  In the absence of both medical documentation linking the conditions Kahle experienced in 2004 to the 2003 accident and an attempt to earlier amend the complaint to identify such a connection, the court finds that the United States' position is well-taken.

THE COURT HEREBY ORDERS that the United States' motion to limit recovery under 28 U.S.C. § 2675(b) (#27) is GRANTED.

DATED this ____ day of August, 2008.

_____
Lloyd D. George
United States District Judge